IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-01251-RM-SKC

BEN DURAN,

    Plaintiff,

v.

POWER SERVICES COMPANY,

    Defendant.

---

**RECOMMENDATION RE: PARTIAL MOTION TO DISMISS [DKT. 9]**

---

This Recommendation address Defendant's Partial Motion to Dismiss ("Motion"). [Dkt. 9.] District Judge Moore referred the Motion to the Magistrate Judge. [Dkt. 10.] The Court has reviewed the Motion, related briefing, and the entire record. No hearing is necessary. For the reasons stated herein, the Court respectfully recommends the Motion be GRANTED IN PART and DENIED IN PART.

### BACKGROUND[1]

Before his termination in October 2018, Plaintiff Ben Duran worked for Defendant's industrial and environmental cleaning service for 13 years as a general manager. [Dkt. 1, ¶¶15-16, 18.] His duties included bidding and negotiating contracts

---

[1] The Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010).

1

and then servicing those contracts. [*Id.* ¶17.] During this time, he was a dedicated employee and successfully performed his duties. [*Id.* ¶19.]

In July 2018, Plaintiff was diagnosed as having severe depression and he began treatment for his disability. [*Id.* ¶¶25,51.] Around the same time, he informed his supervisor, Jim Humphrey, about his struggles. [*Id.* ¶26] Humphrey offered Plaintiff four to six weeks off work to recover. Accordingly, Plaintiff took medical leave from August 28 through September 29, 2018. [*Id.* ¶27.] During that time, he kept Humphrey aware of his medical condition. [*Id.* ¶28.] In turn, Humphrey promised Plaintiff his job was safe and told him not to worry about his job. [*Id.* ¶29.] Plaintiff relied on Humphrey's promises and continued to work on improving his health to return to work. [*Id.* ¶¶30,75.]

But when Plaintiff tried to return to work in September 2018, Humphrey refused to meet with him. [*Id.* ¶¶31,33.] The two were scheduled to meet on September 29, 2018, at Humphrey's home to discuss Plaintiff's return to work, but Humphrey cancelled the meeting. [*Id.* ¶35.] When Plaintiff finally met with Humphrey on October 23, 2018, he was terminated. [*Id.* ¶37.]

Plaintiff sued Defendant asserting discrimination in violation of the American with Disabilities Act, as amended ("ADA"). Specifically, Plaintiff alleges he was discriminated against based on his disability (severe depression), and Defendant discriminated against him because it regarded him as disabled and because he has a record of a disability. [*Id.*] Plaintiff also asserts a breach of contract and promissory

estoppel claims. [*Id.*] Defendant filed this Motion seeking dismissal of all claims, except for the ADA claim based on his disability. [*See, generally* Dkt. 9.]

## LEGAL PRINCIPLES

Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The *Twombly-Iqbal* pleading standard requires that courts take a two-prong approach to evaluating the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007).

The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second prong requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A claim is plausible when the

plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id.* If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## ANALYSES

### I. Breach of Contract

In his response, Plaintiff voluntarily dismisses his breach of contract claim. [Dkt. 22, p. 1.] Accordingly, the Court recommends Defendant's Motion be granted as it pertains to this claim.

### II. "Regarded as" and "Record of" Disability Claims

Defendant argues the Complaint is "devoid of any plausible factual allegations that could support discrete claims for disability discrimination under either the 'regarded as disabled' framework or the 'record of disability' framework." [Dkt. 9, p.6.] Alternatively, it argues that the Court lacks subject matter jurisdiction and moves for dismissal under Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust his

4

administrative remedies as to these two aspects of his ADA claim. Because exhaustion may bar these claims, the Court begins its analysis there.

1. **Exhaustion**

Defendant couches its exhaustion of administrative remedies argument as a jurisdictional issue. However, in *Lincoln v. BNSF Rwy. Co.*, the Tenth Circuit, addressing Title VII, held that exhaustion of administrative remedies is not a jurisdictional pre-requisite to a discrimination claim. *Lincoln,* 900 F.3d 1166, 1185 n.10 (10th Cir. 2018). Thus, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident . . . does not bar a federal court from assuming jurisdiction over a claim." *Id.* at 1183-85. Instead, a failure to exhaust administrative remedies is considered an affirmative defense. *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018).

Accordingly, the Court construes the Motion as raising an affirmative defense of failure to exhaust. *See Lincoln*, 900 F.3d at 1185. However, this affirmative defense is only appropriate in a motion to dismiss if "the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 Fed. App'x 854, 858 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, the Complaint alleges Plaintiff "properly and lawfully exhausted all required administrative prerequisites, procedures, and remedies." [Dkt. 1, ¶10.] Specifically, Plaintiff alleges he timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission and included the date the Charge was filed and its number. [*Id.* ¶11.]

5

Plaintiff also alleges the EEOC issued him a Notice of Right to Sue ("Notice") on February 9, 2021, and that he filed this case within the 90 days provided in the Notice. [*Id.* ¶¶12,13.]

Taking these well-pleaded allegations as true, as the Court must, it is not apparent from the face of the Complaint that Plaintiff failed to exhaust his administrative remedies. "To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House*, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018). Under the standard articulated in *Fernandez*, this is not an appropriate case to dismiss on grounds of exhaustion. *See also Bond v. Whitley*, No. 20-CV-00594-GKF-SH, 2021 WL 1987525, at *5 (N.D. Okla. May 18, 2021) (taking as true plaintiff's allegations that she contacted the EEOC and exhausted her administrative remedies and finding failure to exhaust, therefore, did not appear on the face of the complaint).

In support of its exhaustion argument, Defendant invites the Court to review the Charge. A court may consider an EEOC charge without converting a motion to dismiss to a motion for summary judgment under Rule 56. *Jacobson v. Deseret Book Co.*, 287 f.3d 936, 941 (10th Cir. 2002). But the Court, in its discretion, declines to do so here. *See Bond,* 2021 WL 1987525, at *5 ("When presented with a Rule 12(b)(6) motion, the district court has broad discretion in determining whether to accept materials outside the pleadings."). The issue is whether Plaintiff plausibly alleged he

6

exhausted his administrative remedies. He has. Therefore, the Court recommends finding Defendant's arguments are premature and denying Defendant's Motion concerning the failure to exhaust administrative remedies.

2.  12(b)(6)

a.  **"Regarded as" Disabled**

To establish Defendant regarded Plaintiff as disabled, he must show (1) he has an actual or perceived impairment, (2) that impairment is neither transitory nor minor, and (3) the employer was aware of, or perceived, the impairment at the time of the alleged discriminatory action.[2] *Adair v. City of Muskogee*, 823 F.3d 1297, 1306 (10th Cir. 2016). The Court recommends finding the Complaint satisfies the first and third elements because the Complaint alleges Plaintiff has a disability – severe depression – and that his employer knew about his disability when he was terminated. [Dkt. 1, ¶¶25-28, 51, 52.]

The Complaint also plausibly alleges the second element, *e.g.*, an impairment that is neither transitory nor minor. 42 U.S.C. § 12102(3)(B). The Complaint alleges Plaintiff was diagnosed with *severe* depression that substantially limits one or more of his major life activities (work). [Dkt. 1, ¶¶27, 51, 52.]. Accordingly, the Court recommends finding the Complaint alleges a plausible "regarded as" disability

---

[2] 2006 amendments to the ADA abrogated Supreme Court rulings requiring plaintiff to plead and prove that the actual or perceived impairment in "regarded as" disability claims "substantially limited one or more major life activities." *Adair v. City of Muskogee*, 823 F.3d 1291, 1306 (10th Cir. 2016).

7

discrimination claim.

### b. "Record of" Disability

An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities. *Equal Emp. Opportunity Comm'n v. U.P.S. Ground Freight, Inc.*, No. 17-2453-JAR, 2020 WL 1984293, at *2 (D. Kan. Apr. 27, 2020). A record of disability "may be satisfied by a showing that the plaintiff had a disability in the past (even though he no longer suffered from that disability when the allegedly discriminatory action took place)." *Id*. Critical to the claim are facts to establish actual documents or records an employer based a discriminatory decision on. *Carper v. TWA Serv's. Inc.*, 820 F.Supp.2d 1339, 1354 (S.D. Fl. 2011).

The Complaint alleges, in conclusory fashion, that Plaintiff has a "record of mental and physical impairments which substantially affect one or more of [*sic*] major life activities." [Dkt. 1, ¶66.] Fatally, however, Plaintiff's allegations do not point to any documentary medical evidence Defendant relied upon. *See Wennerstrom v. City & Cnty of Denver,* Civ. No. 19-cv-03251-NYW, 2021 WL 1339396, at *7 (Apr. 9, 2021) (granting motion for summary judgment on plaintiff's "record of" disability claim because there was no "documentary medical evidence of [plaintiff's disability] and its purported effects on a major life activity") *Cf. Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1092-94 (D. Kan. 2001) (plaintiff exhausted his "record of" disability claim where his charge of discrimination alleged he retired from his previous

8

employment with a permanent disability and his current employer refused to accept a doctor's note clearing him to return to work). The Complaint only alleges that Plaintiff was diagnosed with severe depression. But this is not enough. To satisfy the "record of" disability provision the employer must rely on a record, such as a medical or employment record, indicating an individual has (or has had) a substantially limiting impairment. *Carper*, 820 F.Supp.2d at 1354. Plaintiff alleges no such record here. Accordingly, the Court recommends finding Plaintiff has not plausibly alleged a "record of" disability discrimination claim.

### III. Promissory Estoppel

Defendant moves for dismissal of Plaintiff's promissory estoppel claim arguing the claim is facially implausible under Colorado law. [Dkt. 26, p.9.]

Under Colorado law, an employee hired for an indefinite period of time is presumed to be employed "at will" and may be terminated by either party without cause or notice. *Price v. Pub. Serv. Co of Colo.*, 1 F. Supp. 2d 1216, 1223-24 (D. Colo. 1998) (citing *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987)). Under certain circumstances, however, the "at will" presumption may be rebutted on the theory of promissory estoppel. *Id*. at 1224.

The elements of a claim for promissory estoppel are:

> (1) a promise which the employer should reasonably have expected the employee to consider as a commitment from the employer; (2) reasonable reliance to the employee's detriment, demonstrated by action or forbearance by the employee, induced by the promise, and (3) the existence of circumstances such that injustice can only be avoided by

9

enforcement of the promise.

*Id.* In *Price*, the court added the requirement that the alleged promise by the employer must be "sufficiently definite to allow the court to understand the nature of the obligation undertaken." *Id.* (quoting *Soderlun v. Pub. Serv. Co. of Colorado*, 944 P.2d 616, 621 (Colo. App. 1997)). If the evidence as to whether an enforceable promise was made is "conflicting or will admit of more than one inference . . . the issue is one for the jury." *Id.* at 1224. Nevertheless, this issue may be decided as a matter of law if the alleged statements by an employer are deemed unenforceable because they constitute nothing more than vague assurances. *Id.*

The alleged promises here are a close call. But this Court finds Plaintiff has alleged sufficient facts to nudge this claim over the plausible line. Plaintiff alleges Defendant's president and owner promised him that "his job was safe and told him not to worry about his job." [Dkt. 1, ¶29.] Assuming these promises were made, as the Court must, these statements do not constitute vague or indefinite assurances. Rather, they allow the reasonable inference that Defendant promised Plaintiff he would not be fired due to his medical circumstances and his job would be held open for his return to work. This is especially true given the promises were unique to Plaintiff's situation and not a general company manifesto applicable to all employees. *See Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1465 (10th Cir. 1994) (regarding implied contracts: "defendant's Credo merely includes general statements to the effect that it is committed to 'the dignity and privacy due all human beings' and

providing 'a safe and healthy workplace.' Likewise, Defendant's equal opportunity memorandum merely states the company's general commitment to affirmative action. Statements such as these are merely 'vague assurances,' ... and too indefinite to constitute a contractual offer which would enable a court to determine whether a contract has been performed."); *Hoyt v. Target Stores*, 981 P.2d 188, 194 (Colo. App. 1998) ("Because a vague assurance of fair and consistent treatment cannot form the basis of an express covenant of good faith and fair dealing, and the statement here . . . constituted such a vague assurance, we conclude as a matter of law that there was no underlying contract.").

Moreover, Plaintiff plausibly alleges that, as his supervisor and the company owner, Humphrey had authority to make and honor his promise such that it was reasonable for Plaintiff to rely on that promise. He also plausibly alleges the various ways he relied, to his detriment, on those promises: (1) continuing to work to improve his health and return to work; (2) not resigning his employment with the Defendant; (3) seeking to meet with Humphrey to discuss returning to work; and (4) not seeking other employment. [Dkt. 1, ¶75.] And finally, Plaintiff plausibly alleges Defendant's breach of its promise caused him to suffer a host of financial and physical injuries. [*Id.* ¶ ¶82 and 83.]

Defendant argues special consideration is necessary to rebut the at will employment presumption. However, detrimental reliance qualifies as special consideration. *See Price,* 1 F. Supp. 2d at 1227 ("The concept of promissory estoppel

11

runs parallel to that of an express contract: a statement reasonably expected to be considered a promise is a counterpart to an offer; reliance to one's detriment is counterpart to acceptance and consideration."). And as discussed above, Plaintiff has plausibly alleged such reliance.

Defendant also argues this matter is factually distinguishable from *Price*, putting this case "squarely outside of the special circumstances category" such that the presumption of at will employment stands. [Dkt. 26, 8.] The Court does not agree. The pleading standard "is a liberal one, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias,* 567 F.3d at 1178. Plaintiff has alleged enough to nudge his claim over the line from conceivable to plausible. *Twombly*, 550 U.S. at 570. The Court therefore recommends finding the Complaint plausibly alleges a promissory estoppel claim.

\* \* \*

For the reasons stated herein, the Court RECOMMENDS GRANTING IN PART and DENYING IN PART Defendant's Motion as follows:[3]

---

[3] **The parties have 14 days after service of this recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.** ***United States v.***

(1) GRANTING the Motion as it relates to Plaintiff's claims for breach of contract and "record of" disability, and as it pertains to Defendant's affirmative defense of failure to exhaust administrative remedies; and,

(2) DENYING the Motion as it pertains to Plaintiff's "regarded as" disability claim and the promissory estoppel claim.

DATED: February 22, 2022.

By the Court:

S. Kato Crews
United States Magistrate Judge

---

*Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).